IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DARRELL SOREY, Defendant. | Case No. 20-CR-4048-LTS-KEM REPORT AND REOCMMENDATION |

Currently pending before the court is pro se Defendant's motion to dismiss. Doc. 84. The Government filed a resistance in response. Doc. 85. I recommend **denying** Defendant's motion to dismiss (Doc. 84).

The indictment in this case names "Darrell Sorey" as the defendant. Doc. 2. Defendant's pro se motion to dismiss argues that the indictment must be dismissed because it fails to include his middle initial and name him as "Darrell H. Sorey." Doc. 84. Defendant argues that the indictment fails to properly identify him and lists other people who claim the name "Darrell Sorey" (with no middle initial) who are not him. *Id.*

Defendant's motion to dismiss can be denied for multiple reasons. First, as noted in response to Defendant's previous motion to dismiss, the deadline for filing motions to dismiss has passed. *See* **LCrR 12(a)** ("Unless some other deadline is established by order of the court, all motions, notices, and requests under Federal Rule[] of Criminal Procedure 12(b) . . . must be filed, given, or made within 28 days after the date of the defendant's first arraignment . . . ."); Doc. 12.

Second, nothing requires that an indictment use the defendant's full name or middle initial. *Cf.* ***United States v. Mason***, 869 F.2d 414, 417 (8th Cir. 1989) (when indictment named the defendant using an incorrect middle initial, the Eighth Circuit

upheld the court's "amendment . . . of form only" deleting the middle initial from the indictment at the close of evidence). The defendant is free to present a "mistaken identity" defense at trial, but his theories do not warrant dismissal of the indictment.

Finally, as the Government notes, even if the indictment were required to list Defendant's middle initial, amendment—not dismissal—would be the proper remedy. *See id.* ("Misnomers generally are mistakes of form that may be corrected by amending the indictment. 'Furthermore, a finding of prejudice to the defendant must be present before an amendment is held impermissible.'" (quoting **United States v. Mason**, 869 F.2d 414, 417 (8th Cir. 1989))).

I recommend **denying** Defendant's motion to dismiss (Doc. 84).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. **LCrR 59**. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* **Fed. R. Crim. P. 59**. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. **United States v. Wise**, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** this 28th day of May, 2021.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

2

Case 5:20-cr-04048-LTS-KEM    Document 87    Filed 05/28/21    Page 2 of 2