# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DARRELL SOREY, Defendant. | No. CR20-4048-LTS <br><br> **ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney. Doc. 87. Judge Mahoney recommends that I deny defendant Darrell Sorey's pro se motion (Doc. 84) to dismiss. Sorey has filed objections (Doc. 88). The Government has not filed objections or responded to Sorey's objections. Oral argument is not necessary.

## II. BACKGROUND

On June 9, 2020, the Grand Jury returned an indictment charging Sorey with possession of a firearm by a drug user (Count 1), receipt and possession of an unregistered destructive device (Count 2) and making an unregistered destructive device (Count 3). Doc. 2. Since then Sorey has sought to dismiss the indictment through pro se motion on four separate occasions. The first two pro se motions were filed while Sorey was represented by counsel and were denied on that basis. Docs. 48, 49, 53, 55. Sorey subsequently discharged his counsel, elected to proceed pro se and filed a third motion to dismiss. Docs. 71, 73. That motion was also denied, as it was untimely and meritless. Doc. 75. In his current, fourth pro se motion to dismiss, Sorey argues that

the indictment does not properly identify him as a defendant, and thus is invalid, because it omits his middle initial. He asserts it charged someone else named "Darrell Sorey," not him, "Darrell H. Sorey."

On May 28, 2021, Judge Mahoney filed an R&R recommending that I deny Sorey's motion to dismiss. Doc. 87. Judge Mahoney first recognized that, like Sorey's third motion to dismiss, the present motion is untimely under Local Criminal Rule 12(a). *Id.* at 1. She further concluded that Sorey's argument is meritless, as there is no requirement that a defendant's full name or middle initial be used in an indictment. *Id.* at 1–2. Even if there were such a rule, she concluded, it would not require dismissal. *Id.* at 2. The appropriate remedy would be to amend the indictment to include his middle initial. *Id.*

Sorey filed objections to each of Judge Mahoney's conclusions on June 14, 2021. Doc. 88. His trial is currently set for September 27, 2021.

### III. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d

793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

Sorey has raised three objections to the R&R. Doc. 88. He first argues that his motion should not be found untimely because (1) his previous attorney refused to file a motion to dismiss and (2) the pro se motions he did file before the deadline were denied because he had counsel. *Id.* at 1. Second, he reasserts that the indictment did not identify him as the defendant because it did not include his middle initial. *Id.* at 1–2. Third, he argues it would be improper to give the Government a chance to amend its mistake in the indictment because "[t]he government doesn't give the people a chance to amend their mistakes or ignorance." *Id.* at 2.[1]

---

[1] Sorey concludes his objections with various assertions regarding the Government's searches and seizures leading to his arrest and indictment. Doc. 88 at 2–3. Because those assertions are irrelevant to the issues addressed in the R&R, and have been addressed in prior orders, I will not discuss them further here.

3

Based on my de novo review, I find no error in Judge Mahoney's conclusions. There is no doubt that Sorey's motion is untimely. *See* L. Crim. R. 12(a). Even if its untimeliness were to be excused as Sorey requests, it fails on the merits. The omission of Sorey's middle initial is, at most, a misnomer. And a misnomer in an indictment is fatal to the indictment only when the defendant can show that it prejudices him in some way or that he is, in fact, not the individual indicted by the Grand Jury. *See Poffenbarger v. United States*, 20 F.2d 42, 44 (8th Cir. 1927); *see also United States v. Mason*, 869 F.2d 414, 417 (8th Cir. 1989) ("Misnomers generally are mistakes of form that may be corrected by amending the indictment."). Sorey has provided a few documents showing that his middle initial is "H," but these do not prove that he is not the individual charged in the indictment. Indeed, he has provided absolutely no reason to believe that he is not the individual charged in the indictment or that the omission of his middle initial causes him prejudice. Thus, I agree with Judge Mahoney that Sorey's motion to dismiss should be denied.

## V. CONCLUSION

For the reasons set forth herein:

1. Sorey's objections (Doc. 88) to the Report and Recommendation (Doc. 87) are **overruled**.

2. I **accept** the Report and Recommendation **without modification**.

3. In accordance with the Report and Recommendation, Sorey's motion to dismiss (Doc. 84) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 30th day of June, 2021.

                                              _____
                                              Leonard T. Strand, Chief Judge