IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. CR20-4048-KEM-LTS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNITED STATES'** |
| | ) | **SENTENCING** |
| DARRELL SOREY, | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant, Darrell Sorey, comes on for sentencing on January 19, 2022 at 1:00 p.m. There are three guideline issues in dispute: (1) the base offense level pursuant to USSG §2K2.1(a)(4)(B); (2) the four-level enhancement for the possession of between 8 and 24 firearms pursuant to USSG §2K2.1(b)(1)(B): and (3) the assessment of criminal history points, pursuant to USSG §4A1.1(c), for paragraphs 37 and 38.

## WITNESSES

The government intends to call Special Agents Robert Carlson and Micah Van Otterloo, ATF.

## EXHIBITS

The government intends to present Government's Sentencing Exhibit 1 (transcript of Sorey's interview); Government's Sentencing Exhibit 2 (recording of Sorey's interview); Government's Sentencing Exhibit 3, 4A and 4B (pipe bomb as

recovered and as examined); Government's Sentencing Exhibit 5 (report and pictures of discovery of firearms at Sorey's home).

## ARGUMENT

**I.** ***USSG §2K2.1(a)(4)(B) Provides the Correct Offense Level, 20, Because the Offense Involved a Semiautomatic Firearm that is Capable of Accepting a Large Capacity Magazine and/or a Firearm as Described in 26 U.S.C. §5845(a) and Defendant was a Prohibited Person – a Drug User – at the Time Defendant Committed the Instant Offense***

Defendant does not dispute he possessed some qualifying firearms. Instead, he asserts he was not a prohibited person, because he was not an unlawful user of a controlled substance.

Title 18 U.S.C. § 922(g)(3) criminalizes the possession of firearms by any person "who is an unlawful user of . . . any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))." Both marijuana and methamphetamine are within the definition. 21 U.S.C. § 802(6) and 21 U.S.C. § 802 Schedules I (c)(10) (marijuana) and II (methamphetamine).

The term "unlawful user of a controlled substance" means:

> [A] person who uses a controlled substance in a manner other than as prescribed by a licensed physician. The defendant must have been actively engaged in use of [a] controlled substance[s] during the time [he][she] possessed the [firearm][ammunition], but the law does not require that [he][she] used the controlled substance[s] at the precise time [he][she] possessed the [firearm][ammunition]. Such use is not limited to the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. An inference that a person [was][is] a user of a controlled substance may be drawn from evidence of a pattern of

2

use or possession of a controlled substance that reasonably covers the time the [firearm][ammunition] was possessed.]

*Model Crim. Jury Instr*. 8th Cir. 6.18.922B.

In this case, on January 15, 2020, defendant admitted to being an unlawful user of a marijuana, having last used marijuana about two weeks before the time of the interview, and having his own "bat" or "one-hitter," with which to use marijuana, and leaving it with his dad. (Government's Sentencing Exhibit 1 (transcript) pg. 85-90, Government Sentencing Exhibit 2 (recording of interview) starting at about 1:08 and anticipated testimony of Robert Carlson, ATF). This time frame of two weeks would have been within the time he possessed the firearms in this case.

Additionally, during the execution of a search warrant at Michele Zeisler's home, law enforcement found defendant's personal belongings (including his open and operating phone), a methamphetamine pipe, and a baggie of methamphetamine in the southwest bedroom of the house while the second bedroom did not appear to be associated with defendant. (Anticipated testimony of Special Agent Micah Van Otterloo, ATF). Elsewhere in the house additional items associated with methamphetamine use were found. (Anticipated testimony of Special Agent Micah Van Otterloo, ATF). At this time, Ms. Zeisler was out of the state. (Anticipated testimony of Special Agent Micah Van Otterloo, ATF).

Additionally, defendant possessed marijuana in 2002, 2003, and 2014 (PSR ¶¶26, 28, and 37). Thus, the facts in the case establish defendant was an unlawful user of controlled substances.

## II. USSG §2K2.1(b)(1)(B) is Applicable Because the Offense Involved Between 8 and 24 Firearms

In his plea agreement defendant stipulated that from on or about January 1, 2018 until on or about January 15, 2020, in the Northern District of Iowa, he knowingly received and possessed destructive devices, as that term is defined in Title 26, United States Code, Section 5845(f) namely: two CO2 Cartridge bombs, and a CO2 Cartridge bomb attached to an arrow, each of which was a destructive device. (Doc. No. 99 (Plea agreement)). Additionally, defendant possessed another destructive device (*i.e.,* a pipe bomb). He admitted to building the pipe bomb but essentially denied sealing the second end. (Government's Sentencing Exhibit 1 pp 56-65, 72-77, and 115-125 and Government Sentencing Exhibit 2 46:24 to 51:52, 58 to 1:03, and 1:38:00 to 1:51:50. Nonetheless, the weapon had a sealed cap. (Government's Sentencing Exhibit 3, 4A and 4B (pipe bomb as recovered and as examined)).

Additionally, five traditional firearms were discovered in the home defendant admitted he kept his stuff in (Government's Sentencing Exhibit 1 (transcript) pg. 103-05, Government Sentencing Exhibit 2 (recording) at 1:23:04, and Government's Exhibit 5 (report and pictures of discovery of firearms in Sorey's home). All together this demonstrates defendant's possession of nine firearms.

### III. Defendant's Objection to Assessment of Criminal History Points, Pursuant to USSG §4A1.1(c), for Paragraphs 37 and 38 is Baseless

The United States adopts Probation's rationale and reasoning.

## CONCLUSION

The United States respectfully recommends that this Court impose a guideline sentence in this case.

SEAN R. BERRY
United States Attorney

By: */s/ Forde Fairchild*

Forde Fairchild
Assistant United States Attorney
600 Fourth Street, Suite 670
Sioux City, IA 51101
(712) 202-6011
(712) 252-2034 (fax)
Forde.Fairchild@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on January 12, 2022.

UNITED STATES ATTORNEY

BY: *s/ Michelle Miller*